## MOORE v. WRIGHT WIRE CO.

(Circuit Court of Appeals, First Circuit. November 14, 1916.)

No. 1202.

PATENTS ☞328—INFRINGEMENT—CONSTRUCTION.

The Marwick patent, No. 851,179, for a machine for bundling scrap, consisting of a rotary mandrel and a yoke into which the mandrel passes, the yoke serving to control the formation of the bundle and to compact the same, construed, and *held* not to cover all machines having rotating tapered shafts or mandrels for winding scrap into bundles, together with means of operating therewith, and so not to be infringed by defendant's device.

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Bill by Ethelbert A. Moore against the Wright Wire Company. From a decree dismissing the bill, complainant appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Robert B. Killgore, of New York City, and Southgate & Southgate, of Worcester, Mass. (John P. Bartlett, of New York City, on the brief), for appellant.

George H. Kennedy, Jr., of Worcester, Mass., for appellee.

Before PUTNAM and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. In this case, the District Court dismissed the bill on a hearing on the merits, and entered a decree for the defendant upon the ground of noninfringement, from which the plaintiff appealed. The bill was filed by Ethelbert A. Moore on letters patent, issued on April 23, 1907, No. 851,179, entitled "A Machine for Bundling Scrap." The patent issued to David B. Marwick and another, and contained, in all, 25 claims, of which only 4 were in issue.

The first of these claims was as follows:

"1. A machine for bundling scrap, comprising a rotary mandrel, and a 'yoke' into which the mandrel passes, said 'yoke' serving to control the formation of the bundle and to compact the same upon the mandrel."

The rest of the claims were in the same general terms, and we need not consider them further than to say that they fail to specifically deal with a combination of efficient elements, in such an original way as to justify a broad and sweeping construction. The pith of the decision of the District Court is in the following terms:

"The claims in suit can be made to cover the defendant's machine only by saying, as the plaintiff does say, that the ends, back and bottom of the defendant's housing form, together with the compacting roller, a 'yoke' into which the mandrel passes, serving to control the formation of the bundle and to compact the same on the mandrel, within the meaning of claim 1; or a device surrounding the mandrel, and co-operating therewith in the formation of the bundle, within the meaning of claim 9; or a 'yoke' supporting one end of the mandrel, whose inner wall serves to compact the bundle thereon, within the meaning of claim 15; or a 'yoke' into which the mandrel passes, within the meaning of claim 18.

"But this is to make Marwick's patent cover all machines having rotating tapered shafts or mandrels for winding scrap into bundles, together with any means co-operating therewith, in any manner, to form the bundle, which can in any sense be said to 'surround' the mandrel, or into which the latter in any sense 'passes.'"

Then the opinion proceeds to say, in effect, that this would require, in order to justify a finding of infringement, a broader construction than can be believed warranted by the scope of any invention with which Marwick can be credited.

The decree of the District Court is affirmed, and the appellee recovers its costs of appeal.